GUIDRY ET ALS.
vs.
REES.                          **GUIDRY ET ALS vs. REES.**

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

The Civil Code of 1808, article 44, page 462, and page 430, article 10,
provides, that the third possessor of mortgaged property, who is not
personally liable for the debt, may require the property in the possession
of the principal debtor, to be first discussed and sold, before coming on
him, if the property of the debtor is not situated in too distant a part of
the state.

According to the Code of Practice, article 72, the discussion of property
not situated within the jurisdictional limits of the tribunal, where payment
is to be made, is disallowed.

The provisions of the Code of Practice, limiting the right of discussion to
property, situated within the jurisdiction of the tribunal of the place,
where payment is to be made, does not apply to contracts; made before
its enactment.

The effect of laws is generally prospective; and if they have a retrospec-
tive effect in any case, the intention of the legislature must be evident
and clearly expressed. It cannot command obedience to laws, affecting
the obligation of contracts, entered into before their passage.

It is not necessary, that the money required to defray the expenses of
discussion of property, be tendered at the time of filing the plea;
it is sufficient, if the money be deposited in court, in pursuance of
an order, directing it to be done within a specified time.

This is a hypothecary action, against the third possessor of
mortgaged property. The plaintiffs allege, that they obtain-
ed a judgment against Jean Guidry, père, in the Probate
Court, for the parish of St. Martin, for the sum of eight
hundred and forty-four dollars, with legal interest, and a
legal mortgage thereon, and upon all the property owned and
possessed by said Guidry, since the 24th October, 1819; and
that in October, 1829, the said Jean Guidry, père, then

owner and proprietor of a tract, of five arpents in front, with a certain depth, situated in the parish of St. Martin, sold and conveyed the same to the defendant, who is now in possession. The plaintiffs claim their right of mortgage, on all the estate of said Guidry, in consequence of being their natural tutor. They allege, that they have been unable to satisfy their said judgment, out of any property of his, and they now proceed against the tract of land in the possession of the defendant, which they pray, may be seized and sold, to satisfy their claim, &c.

The defendant's counsel excepted to the plaintiffs' right, to proceed against the land in his possession, until he discussed a tract of land, containing near six hundred acres, in the parish of St. Landry, which is the one the defendant gave said Guidry, père, in exchange for the one the plaintiffs are now pursuing ; that the plaintiffs, by their hypothecary action, are required to discuss the property, last in possession of the debtor, before coming on that, now in his possession ; which he prays, may be done.

At the November term of the court, a decree was rendered, sustaining the plea of discussion, and suspending all proceedings against the property, in the possession of the defendant, until the plaintiffs have discussed, and caused to be seized and sold, so far as it will be sufficient, the tract of land belonging to the original debtor, to satisfy their claim ; and that the cause be continued, until said discussion be carried into effect ; and in order to carry on said discussion, the defendant is to deposit, within thirty days, with the clerk of the court, fifty dollars, to defray the expenses thereof ; and on failure to pay said sum, within the thirty days from the date of the decree, the defendant is to be forever barred, from setting up and requiring said discussion. From this decree, the plaintiffs appealed.

*Simon*, for the plaintiffs.

1. The defendant, in this case, cannot avail himself of the plea of discussion, which he sets up. In the first place,

The Civil Code of 1808, art. 44, p. 462, and art. 10, p. 430, provides, that the third possessor of mortgaged property, who is not personally liable for the debt, may require the property in the possession of the principal debtor to be first discussed and sold before coming on him, if the property of the debtor is not situated in too distant a part of the state. According to the Code of Practice, art. 72, the discussion of property not situated within the jurisdictional limits of the tribunal where payment is to be made, is disallowed.

The provisions of the Code of Practice, limiting the right of discussion · to property situated within the jurisdiction of the tribunal of the place where payment is to be made, does not apply to contracts made before its enactment.

The effect of laws is generally prospective; and if they have a retrospective effect in any case,

in his act of exchange with the principal debtor, he has provided against this action, by reserving a mortgage on the land, by him given in exchange, in case of eviction by an hypothecary action. He also had notice of the plaintiffs' claim and mortgage, and bought at his own peril.

2. The defendant does not bring his case within the provisions of the article 72, of the Code of Practice. No tender of the money, necessary to defray the expenses of discussion, has been made. He cannot avail himself, at any rate, of this plea, as the property is not situated within the jurisdiction of the tribunal of the place, where the payment was to have been made.

*Brownson, contra.*

*Martin, J.,* delivered the opinion of the court.

The only question which this case presents, is whether a person, who between the year 1808, and the time of the promulgation of the *Code of Practice,* purchased land, affected by a tacit or legal mortgage, may require the discussion of a tract of land, still in the possession of his vendor, lying in any part of the state.

According to the Civil Code of 1808, article 44, page 462, and page 430, article 10, the third possessor of mortgaged property, not personally bound for the debt, may resist the attempt to sell the land or property in his possession, until the land or property in the possession of the principal debtor, within the state, be first discussed, *unless in too distant a part of the state.   Civil Code, p. 434, art. 26.*

According to the provisions of the Code of Practice, article 72, the discussion of land or property, *not situated within the jurisdiction of the tribunal, of the place where payment was to have been made, is disallowed.*

It is clear to the court, that this provision, of the Code of Practice, cannot affect the rights, resulting from contracts, entered into before its enactment.   The effect of law is gen-

erally prospective. If it may be retrospective in any case, the intention of the legislature must be evident, and cannot command obedience to its will, when the law cannot be executed, without affecting the obligation of contracts, theretofore entered into.

The District court correctly sustained the plea of discussion, in this case; and although the land required to be discussed, was not shown to be situated within the jurisdictional limits of the place in which the payment of the money due, was to be made, but in an adjoining parish, yet the defendant and third possessor, is shown to have bought the land seized, several years before the promulgation of the Code of Practice.

It has been further objected, that no money was paid in, or tendered, when the plea of discussion was filed; but it appears, the District Court directed the deposit in the clerk's office, of a sum of money, to cover the expenses of the discussion and the deposit was made accordingly. This we think was sufficient.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

WESTERN DIST.
*September*, 1834.

It is not necessary that the money required to defray the expenses of discussion of property, be tendered at the time of filing the plea; it is sufficient if the money be deposited in court in pursuance of an order directing it to be done within a specified time.